IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EMPLOYERS & CEMENT MASONS
#90 HEALTH & WELARE FUND and
EMPLOYERS & CEMENT MASONS #90
PENSION FUND**,

**Plaintiffs,**

v.

**OSTERHAGE CONTRACTING INC.,
and DEBRA OSTERHAGE, INDIVIDUALY,**

**Defendants.**                                                                  11-0521- DRH

## ORDER

**HERNDON, Chief Judge:**

Before the Court is plaintiffs' motion for default judgment (Doc. 10). In examining the motion, the Court notes that plaintiffs have not met the requirements of **Local Rule 55.1**.

**Local Rule 55.1(a)** requires the moving party to: (1) "give notice of the entry of default to the defaulting party by regular mail sent to the last known address of the defaulted party," and (2) "certify to the Court that notice has been sent." Further, **Local Rule 55.1(b)** requires that the motion seeking default judgment "shall contain a statement that a copy of the motion has been mailed to the last known address of the party from whom default judgment is sought. If the moving party knows, or reasonably should know, the identity of an attorney thought to represent the defaulted party, the motion shall also state that a copy has been mailed to that

attorney."

Here, it appears to the Court that plaintiffs' counsel followed the procedure in place before the Local Rules were amended on December 1, 2009.  On careful reading of **Local Rule 55.1**, the Court now has a clear understanding that the rule is meant to operate in the following fashion.  The rule requires that notice must be mailed (not emailed) to the last known address of the party from whom default is sought.  It also requires that if the moving party knows or has reason to know the identity of an attorney thought to represent that the defaulted party the motion shall state that a copy has been mailed to that attorney.  Further, the attorney for the moving party must certify, as an officer of the court, the he or she does not have knowledge that the defaulted party is represented by counsel for any matter whatsoever and there is no counsel to whom the motion can be mailed.  This procedure was not followed in this case. Accordingly, the Court hereby allows plaintiffs leave to file a supplement to their motion to demonstrate full compliance with **Local Rule 55.1**.  This supplement shall be filed by November 2, 2011. Failure to do so will result in a denial of the motion.

      **IT IS SO ORDERED.**
      Signed this 19th day of October, 2011.

Digitally signed by David R. Herndon
Date: 2011.10.19 11:10:03 -05'00'

      **Chief Judge**
      **United States District Court**